UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND K. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:13-CV-252 CAS |
| v. | ) |
| | ) |
| BEELMAN TRUCK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Beelman Truck Company's motion for a court-ordered independent medical examination of plaintiff pursuant to Federal Rule of Civil Procedure 35. Plaintiff responded to the motion, stating he has no objection to the examination, and will cooperate with defendant to arrange such examination. For the following reasons, defendant's motion will be granted.

Federal Rule of Civil Procedure 35(a) states:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Rule 35(a), Fed. R. Civ. P.

"Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed in this Rule." Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964). Placing the mental or physical condition in controversy is not enough. The movant must also show that good cause exists for ordering the examination. See Peters v. Nelson, 153 F.R.D. 635, 637 (N.D. Iowa 1994) (citing Schlagenhauf, 379 U.S. at 118-19). A court order

compelling an examination under Rule 35 must specify the time, place, manner, conditions, and the person(s) by whom it is to be made. See Fed. R. Civ. P. 35(a).

For good cause shown, the Court will order plaintiff Raymond K. Jones to submit to an examination pursuant to Federal Rule 35 by Dr. Marcie Garland for evaluation of plaintiff's post traumatic stress disorder. The conditions of the examination are detailed in (1) the consent form attached to defendant's motion as Exhibit C, and (2) an e-mail exchange between counsel attached to plaintiff's motion as Exhibit 1. These documents specify, among other things, that the examination will consist of one or more personal interviews and no written testing. The examination shall take place on October 9, 2014 at 10:00 a.m. at the Washington University School of Medicine, Barnes Jewish Hospital, St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Beelman Truck Company's motion for an independent medical examination pursuant to Federal Rule of Civil Procedure 35 is **GRANTED**. [Doc. 34]

**IT IS FURTHER ORDERED** that the medical examination shall be conducted by Dr. Marcie Garland on October 9, 2014 at 10:00 a.m. at the Washington University School of Medicine, Barnes Jewish Hospital, St. Louis, Missouri upon the conditions set forth in this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of September, 2014.