UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND K. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.  4:13-cv-00252-CAS |
| BEELMAN TRUCK CO. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BEELMAN TRUCK COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Beelman Truck Company ("Beelman"), by and through its attorneys, and files this Memorandum in Support of its Motion for Summary Judgment demonstrating that Plaintiff, Raymond K. Jones' ("Plaintiff") negligence claims are barred by his assumption of the risk inherent in walking down a dark, two-lane, rural highway while under the influence of drugs and alcohol at approximately 1:45 a.m.

## INTRODUCTION

From the evening of January 16, 2008 until the early hours of the morning of January 17, 2008, Plaintiff was drinking beer and hard liquor at the bar where he was employed. (Statement of Facts ("SOF") ¶ 2).  Near the time that the bar closed, plaintiff decided to walk home. (SOF ¶ 3). At some point while walking along the highway leading toward his home, plaintiff wandered over three feet into the driving lane of the highway and was struck by the Beelman vehicle. (SOF ¶¶ 5, 6).  Lab screens performed by two separate hospitals after the accident showed that plaintiff's blood alcohol level was .257 and later .206 as well as the presence of

cocaine metabolites in Defendant's urine. (SOF ¶ 4). The lab work further revealed that plaintiff

was also under the influence of had also taken Hydrocodone and Xanax. (SOF ¶ 4).

## Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

moving party bears the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  An issue is genuine only if it "is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has properly supported its motion for summary judgment, the

nonmoving party must "do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). To

survive a motion for summary judgment, it must "substantiate his allegations with sufficient

probative evidence [that] would permit a finding in his favor based on more than mere

speculation, conjecture, or fantasy." *Putman v. Unity Health Sys.*, 348 F.3d 732, 733–34 (8th Cir.

2003) (internal quotation marks and citation omitted).

Here, the undisputed material facts demonstrate that plaintiff had voluntarily assumed the

risk of wandering down a dark, rural highway while intoxicated.  This assumption of the risk

operates as a complete bar to plaintiff's recovery thereby entitling Beelman to judgment in its

favor as a matter of law.

## ARGUMENT

**I.    Plaintiff's Assumption of Risk is a Complete Bar to Recovery.**

A defendant is entitled to summary judgment in a negligence action where plaintiff assumed the risk of injury inherent in his conduct or activity. *See Sheppard v. Midway R-1 School Dist.*, 904 S.W.2d 257, 261-62 (Mo. Ct. App. 1995).  A defendant establishes its affirmative defense of assumption of the risk by proving that (1) the dangerous situation or condition was open and obvious, or that plaintiff knew of the dangerous situation, and (2) plaintiff voluntarily exposed himself to the danger and was injured thereby. *See Bennett v. Hidden Valley Golf and Ski, Inc.,* 318 F.3d 868 (8th Cir. 2003); *Carlson v. Peterson,* 756 F.2d 72, 73 (8th Cir. 1985) (stating that the assumption of the risk defense "bars recovery if the injured party had knowledge, either actual or constructive, of the danger involved in a situation; appreciated the risk of that situation; and voluntarily accepted that risk"); *McPherson v. Sunset Speedway, Inc.,* 594 F.2d 711 (8th Cir. 1979) (stating, "[w]here one, knowing and comprehending the danger, voluntarily exposes himself to it, although not (negligent) in doing so, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom") (quoting *Munson v. Bishop Clarkson Memorial Hospital*, 186 N.W.2d 492 (Neb. 1971)).

Here, the uncontroverted material facts demonstrate that plaintiff assumed the risk inherent in walking down a dark, two-lane, rural highway while under the influence of drugs and alcohol.  The dangers inherent in such action are open and obvious.  Further, while plaintiff was in an intoxicated state, he voluntarily chose this course of action.  There is no dispute regarding the elements of assumption of risk: the risk of walking on a highway was open and obvious and

plaintiff voluntarily chose to encounter that risk.  Accordingly, plaintiff is precluded from recovery and Beelman is entitled to judgment as a matter of law.

**A. <u>Plaintiff assumed the open and obvious risks inherent in walking down a two-lane highway at approximately 1:45 a.m.</u>**

Look both ways before crossing the street – a concept so simple it is ingrained in the minds of virtually every small child.  The harm this instruction seeks to prevent is obvious – vehicles traveling on roadways pose a grave danger to pedestrians.  While it has likely been years since someone admonished plaintiff to "look both ways," that does not make any less open and obvious the danger that a vehicle may hit a person walking down a two-lane highway at 1:45 a.m. At that hour, it is dark and a driver's visibility is necessarily reduced. Further, this rural highway does not have sidewalks or bike lanes which might provide a safe haven for pedestrians. Plaintiff does not contest that around the time that the bar closed, he decided to walk home. (SOF ¶ 3). Plaintiff does he dispute that at the time Defendant's vehicle struck him, he was walking down Highway 221 at approximately 1:45 a.m. (SOF ¶ 1). Consequently, plaintiff willingly assumed the open and obvious danger that a vehicle would hit him.

The State of Missouri has recognized the danger of pedestrians walking down roadways utilized by motor vehicles.  In recognition of this danger, the Missouri legislature enacted Mo. Rev. Stat. § 300.405 entitled "Pedestrians Walking Along Roadways."  That statute states:

> (1) Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway. (2) Where sidewalks are not provided any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder facing traffic, which may approach from the opposite direction.

Plaintiff's actions are clearly implicated by this statute.  The roadway at issue, Highway 221, did not have any sidewalks in the area where the accident occurred.  Accordingly, plaintiff was bound by subsection (2) to walk on the left side of the roadway where he would be able to see

4

and perceive oncoming traffic. *See* Mo. Rev. Stat. § 300.405. As demonstrated by the report of the Missouri State Highway Patrol, plaintiff was walking in the roadway on the right side with his back toward oncoming traffic. *See* SOF, Ex. A.

Further, while counsel for Beelman has not discovered an Missouri case law regarding the assumption of risk of a pedestrian placing themselves in a roadway, other courts addressing the issue have found that that action operates as a bar to recovery. *See Baker v. Willett*, 393 S.W.2d 605 (Ky. Ct. App. 1965) (entering judgment notwithstanding the verdict against a plaintiff who voluntarily assumed the risk of being struck by a car by standing in a roadway in order to flag oncoming vehicles); *Green v. United States*, 991 F.Supp. 15, 19 (D.D.C. 1998) (finding that "plaintiff assumed the risk of his injuries by (1) crossing to the wrong side of the road because of approaching trucks and continuing to walk in the roadway, rather than walking on the area alongside the roadway or waiting for trucks to pass, and by (2) stepping into a roadway without first checking for oncoming traffic."). These cases are consistent with the facts of the current dispute. Plaintiff was walking with his back toward oncoming traffic and he stepped into the roadway without first checking for any oncoming traffic. Because he voluntarily encountered the known risk of being struck by an oncoming vehicle, plaintiff should be barred from recovery on his claims against Beelman.

**B. Plaintiff voluntarily assumed the risks of walking on a dark, rural highway while intoxicated.**

Compounding plaintiff's poor decision to wander down the driving lane of a dark, rural highway is the fact that he chose to do so while heavily intoxicated. It is an open and obvious danger that excessive drinking and illegal and prescription drug use impairs judgment. Plaintiff does not contest that he voluntarily consumed alcohol consistently from approximately 6 p.m. to 1 a.m. on the night of the accident. (SOF ¶ 2). Further, plaintiff has no evidence to contradict the

drug and alcohol screens performed by two separate hospitals indicating a high level of alcohol intoxication as well as the presence of both illegal and prescription drugs in his urine.  SOF ¶ 4. Indeed, recognizing that he was intoxicated, plaintiff made the voluntary decision to walk home down the highway rather than call a cab or receive a ride from a different source.  SOF ¶ 3.  This voluntary decision led to plaintiff placing himself in harm's way by assuming the risk of being struck by a vehicle while walking in the driving lane of a highway.  Accordingly, plaintiff is barred from recovery on his claims.

<u>**CONCLUSION**</u>

The uncontroverted material facts demonstrate that Plaintiff's negligence claim fails as a matter of law. Plaintiff assumed the risks inherent in his conduct which operates as a complete bar to his recovery. Accordingly, this Court should grant summary judgment in Defendant Beelman Truck Company's favor.

By:  /s/ Christopher D. Baucom
     James L. Stockberger    #37494MO
     Christopher D. Baucom    #56465MO
     Armstrong Teasdale LLP
     7700 Forsyth Blvd., Ste. 1800
     St. Louis, MO 63105
     Phone:  (314) 621-5070
     Fax:  (314) 621-5065
     jstockberger@armstrongteasdale.com
     cbaucom@armstrongteasdale.com

     ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher D. Baucom