**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND K. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.  4:13-cv-00252-CAS |
| | ) | |
| BEELMAN TRUCK CO. | ) | |
| | ) | |
| Defendant. | ) | |

**BEELMAN TRUCK COMPANY'S MOTION TO BAR CERTAIN TESTIMONY OF**
**WILLIAM HAMPTON UNDER DAUBERT AND FRE 403, 702 AND 704**

COMES NOW Defendant Beelman Truck Company ("Beelman") and requests the Court

enter an Order barring certain testimony of plaintiff's liability expert, William Hampton, as it

fails to satisfy the standards set forth in *Daubert* as well as Federal Rules of Evidence, 403, 702

and 704.  In support of its motion, Beelman states as follows:

1.      Plaintiff has disclosed a lone liability expert, William Hampton, who has offered

nine opinions in this case.  With respect to Hampton's opinions Nos. 1, 2, 3, 4, and 9, Mr.

Hampton is not qualified to give such opinions as he is not qualified as a human factors expert.

In addition, even if Hampton were qualified to render those opinions, his opinions Nos. 1, 2, 3, 4,

5, 6 and 9 are not reliable and, therefore, should not be presented to the jury.

2.      The admissibility of expert witness testimony is governed by Rule 702 of the

Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist
> the trier of fact to understand the evidence or to determine a fact in
> issue, a witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify thereto in the form
> of an opinion or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product of reliable

principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

3.      In determining the admissibility of expert testimony, the court must first determine whether the expert is qualified to render an opinion by reason of "knowledge, skill, experience, training, or education."  *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 969 (10th Cir. 2001).  Second, if the court determines the expert is qualified, the court must then examine the expert's opinions and the bases thereof to determine whether the opinions are sufficiently reliable to be admissible.  *Id.; Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.579, 590-92 (1993).

4.      Mr. Hampton should be barred under the first prong because he is not qualified to render opinions regarding human factors evidence.  Additionally, Mr. Hampton's his opinions and methodology are unreliable and violate *Daubert* and Rule 702.

5.      Accordingly, Mr. Hampton should be barred from offering his opinions numbered 1, 2, 3, 4, 5, 6 and 9 in this action.

WHEREFORE, for the reasons stated above and in its Memorandum in Support filed herewith and incorporated herein by reference, Defendant Beelman Truck Company requests this Court enter an order excluding from trial the human factors numbered 1, 2, 3, 4, 5, 6 and 9 offered by William Hampton and for such other and further relief as the Court deems just and proper.

By: /s/ Christopher D. Baucom_____

James L. Stockberger          #37494MO
Christopher D. Baucom      #56465MO
Armstrong Teasdale LLP
7700 Forsyth Blvd., Ste. 1800
St. Louis, MO 63105
Phone:  (314) 621-5070
Fax:  (314) 621-5065
jstockberger@armstrongteasdale.com
cbaucom@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher D. Baucom_____

3