## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RAYMOND K. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:13-CV-252 CAS |
| v. | ) |
| | ) |
| BEELMAN TRUCK COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Beelman Truck Company's ("Beelman") motion for summary judgment. Plaintiff Raymond K. Jones opposes the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will deny Beelman's motion for summary judgment.

### I.     Background

In the early morning hours of January 17, 2008, while walking along the highway leading toward his home, plaintiff was struck by a Beelman tractor-trailer operated by Steven Reinhardt. The accident occurred on Missouri Route 221, near its intersection with U.S. Highway 67 in Farmington, Missouri. Plaintiff alleges he suffers serious and permanent injuries to his head, body, back, arms, legs, face, spine, organs, and feet. He brings this suit against Beelman in two counts: negligence (Count I) and negligent failure to train (Count II).

### II.    Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);

Board of Educ., Island Trees v. Pico, 457 U.S. 853, 863 (1982).  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  Cearley v. General Am. Transp. Corp., 186 F.3d 887, 889 (8th Cir. 1999) (citing Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990)).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving the motion for summary judgment.

## III.    Facts

Viewed in a light most favorable to the non-moving party, on January 17, 2008 at approximately 1:45 a.m., plaintiff was walking home on or near Missouri Highway 221, a two-lane highway, near Farmington, Missouri and was struck by a tractor-trailer owned by defendant Beelman.  The tractor-trailer was operated by Steven Reinhardt, a Beelman employee.  Plaintiff had recently left a bar where he had been drinking alcohol consistently since 6 p.m. the night before.  Plaintiff testified that he did not feel drunk when leaving the bar, but chose not to drive home instead choosing to walk.

## IV.    Discussion

Beelman moves for summary judgment arguing that because plaintiff voluntarily assumed the risk of wandering down a dark, rural highway while intoxicated, this assumption of risk operates as a complete bar to plaintiff's recovery.  Beelman states that the dangers inherent in plaintiff's action are open and obvious, and plaintiff voluntarily chose to encounter that risk.  Accordingly, it argues, plaintiff is precluded from recovery and Beelman is entitled to judgment as a matter of law.

Beelman admits that it "has not discovered any Missouri case law regarding the assumption of risk of a pedestrian placing themselves in a roadway," but relies on two cases, Green v. United States, 991 F. Supp. 15, 18 (D. D.C. 2998), and Baker v. Willett, 393 S.W.2d 605 (Ky. 1965), to

support its position that this activity operates as a bar to recovery. (Def.'s Mem. at 5). In the first case, Green v. United States, the district court held a bench trial on plaintiff's claim under the Federal Tort Claims Act for injuries he sustained when struck by a motorcycle driven by a United States Park Police officer. After the bench trial, the district court found the evidence did not establish by a preponderance of the evidence that the park officer's operation of the motorcycle was negligent. The Court granted judgment for the United States. Additionally, even if the district court had found the park officer negligent, the District of Columbia had adopted the contributory negligence rule. Under District of Columbia law "plaintiff would be unable to recover damages because of his contributory negligence and assumption of risk." Green, 991 F. Supp. at 18.

Unlike Green, plaintiff has not completed a bench trial. This case is at the summary judgment stage, and the Court must view the facts in favor of the non-moving party. The Court has not heard the evidence adduced at trial and cannot say as a matter of law that the Beelman driver operated his vehicle without negligence. This case is rife with contested facts. The parties cannot agree whether plaintiff was standing in the road or on the shoulder when he was struck. Nor can the parties agree whether the area was well-lit or whether plaintiff had been using cocaine and prescription drugs on the night of the accident. Moreover, unlike District of Columbia law at the time of Green, Missouri has adopted the doctrine of comparative fault in which the jury decides the relative fault of the parties and assesses damages accordingly. See Gustafson v. Benda, 661 S.W.2d 11 (Mo. banc 1983) (abrogating contributory negligence in favor of comparative fault). Plaintiff can recover damages even if his own negligence directly contributed to the injuries he sustained. Id. The all-or-nothing allocation of fault under contributory negligence does not operate in tort cases under Missouri law.

Beelman also relies on <u>Baker v. Willett</u>, 393 S.W.2d at 605, to support its assumption of risk defense. Again, in <u>Baker</u> the issue of assumption of risk was addressed after the plaintiff's evidence had been adduced at trial, not at the summary judgment stage. The appellate court in <u>Baker</u> was ruling on a motion for directed verdict and a post-trial motion for judgment notwithstanding the verdict. The case focuses nearly all of its discussion on the rather antiquated "emergency employment" doctrine. <u>Baker</u>, 393 S.W.2d at 606-07 (citing <u>Standard Oil Co. v. Adams</u>, 111 S.W.2d 668 (1937)). Unlike our case, the Court was not deciding whether the injured party had assumed the risk of his behavior vis-a-vis the driver of the injury-causing vehicle. This issue had already been decided; the judgment had already been paid. <u>Id.</u> at 606. Rather, the appellate court was deciding whether the injured party was an "emergency employee" of the company hired to tow a vehicle, and if he was, whether his knowledge of his dangerous activity was such that he assumed the risk of injury rather than his employer.

The doctrines of open and obvious risk and assumption of risk do not provide Beelman with an absolute defense to plaintiff's negligence action. The doctrine of open and obvious risk is set forth in Section 343A of the Restatement (Second) of Torts, and is typically invoked by a possessor of land. Under this rule, a possessor of land does not breach the standard of care owed to an invitee when a dangerous condition upon the land is open and obvious. <u>See</u>, <u>e.g.</u>, <u>Harris v. Niehaus</u>, 857 S.W.2d 222, 225-26 (Mo. banc 1993). This is not a case involving a known and obvious condition upon land.

Beelman also is not entitled to apply the assumption of risk doctrine to bar completely all recovery by plaintiff. <u>See generally</u> <u>Coomer v. Kansas City Royals Baseball Corp.</u>, 437 S.W.3d 184, 191-93 (Mo. Banc 2014) (discussing historical application of assumption of risk doctrine). The assumption of risk doctrine involves a question of whether a plaintiff acts unreasonably in accepting

a known and appreciated risk created by *defendant*—that is, created by a condition on defendant's property, created by the inherent nature of defendant's activity, or created by defendant's negligence. Id. The doctrine itself is complex, and has been fundamentally altered by Missouri's adoption of comparative fault in Gustafson. See id. at 192. In any event, plaintiff has not brought a case in which he accepted a known risk created on defendant's property, inherent in the nature of defendant's business, or created by defendant's negligence.

Beelman cites Bennett v. Hidden Valley Golf and Ski, Inc., 318 F.3d 868, 877 (8th Cir. 2003), for the proposition that a defendant establishes the affirmative defense of assumption of risk by proving the dangerous situation was open and obvious and plaintiff voluntarily exposed himself to the danger. Bennett, however, provides a classic example of a plaintiff undertaking a risk inherent in the nature of defendant's business activity. In Bennett the plaintiff went to defendant's ski resort and thereby accepted the known risk inherent in, or incidental to, skiing. In such a case, defendant owed no duty to plaintiff to protect her from the risk inherent in skiing. See Coomer, 437 S.W.3d at 193. Although Beelman cites Bennett and similar cases, Beelman has not shown how these cases involving a plaintiff assuming the inherent risk of defendant's business activity are relevant to this case.

Plaintiff has brought a garden variety negligence action, alleging that Beelman's driver, Mr. Reinhardt, had an ordinary duty to exercise reasonable care while driving his vehicle. (Compl. at ¶¶ 8-9); see Restatement (Third) of Torts, § 7. Under Missouri's comparative fault rule, the law allocates fault according to the parties' conduct. Mr. Reinhardt's conduct while driving Beelman's truck, particularly whether he had time to stop his vehicle, is the subject of disputed facts. Plaintiff's conduct, particularly his impaired condition, is the subject of disputed facts. Under Missouri law, if Beelman can prove plaintiff's injury is chargeable to his own conduct in walking home in the

driving lane of a dark, rural highway at approximately 1:45 a.m. while clad in dark clothing and after having drunk numerous beers and shots of tequila (and possibly ingested illegal or prescription drugs), plaintiff's damage award will be diminished proportionately. Beelman may be able to prove plaintiff's conduct should diminish his damages by 100 percent. But this is a question of fact for the jury and cannot be resolved at summary judgment.

## V.    Conclusion

Plaintiff's negligence claims are not foreclosed by the open and obvious doctrine or the assumption of risk doctrine. Instead, it is up to the jury to decide liability in this negligence action. Defendant is not entitled to summary judgment on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Beelman Truck Company's motion for summary judgment is **DENIED**. [Doc. 41]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of May, 2015.