# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND K. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:13-CV-252 CAS |
| v. | ) |
| | ) |
| BEELMAN TRUCK COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) plaintiff Raymond Jones' motion to respond out of time to defendant's motion to determine the value of plaintiff's medical treatment under Missouri Revised Statute § 490.715.5, and (2) defendant Beelman Truck Company's ("Beelman") motion to determine the value of plaintiff's medical treatment. For the following reasons, the Court will grant plaintiff's motion to respond out of time, and grant in part and deny in part defendant's motion to determine the value of plaintiff's medical treatment.

**Background**

In the early morning hours of January 17, 2008, while walking along the highway leading toward his home, plaintiff was struck by a Beelman tractor-trailer operated by Steven Reinhardt. The accident occurred on Missouri Route 221, near its intersection with U.S. Highway 67 in Farmington, Missouri. Plaintiff alleges he suffers serious and permanent injuries. He brings this suit against Beelman in two counts: negligence (Count I) and negligent failure to train (Count II). Trial is set for August 24, 2015, and pretrial materials are due August 4, 2015.

**Discussion**

    A.    <u>Plaintiff's Motion to Respond to Out of Time to Defendant's Motion to Determine Value of Medical Treatment</u>

Pursuant to the Case Management Order, on January 14, 2015 defendant filed its motion to determine the value of plaintiff's medical treatment pursuant to Missouri Revised Statute § 490.715.5.[1] Plaintiff's response was due January 26, 2015, but no response was ever filed. On July 22, 2015, nearly six months after it was due, plaintiff moved for leave to respond to the motion.

In the motion, plaintiff's counsel attempt to excuse their late filing stating they did not receive notice of defendant's motion through CM/ECF, and did not know that motion had been filed. As defendant tactfully notes, plaintiff's counsel's statement is incorrect and based on a logical impossibility. Counsel Clinton Roberts stated that he does not receive filings through CM/ECF although he has entered his appearance in this case. A review of the docket sheet, however, shows that Mr. Roberts has not entered his appearance in this case. Even if he had, counsel has known for two years that he is not receiving CM/ECF filings, and has done nothing to rectify the problem. Also, despite not receiving CM/ECF notifications, Mr. Roberts apparently does not review the docket sheet and left a pending motion unopposed for six months.

More incredible, however, is counsel Joseph Bauer's statement that he did not receive a copy of defendant's motion through CM/ECF and was unaware such a motion had been filed. This is the second time Mr. Bauer has used this excuse to request an extension. More than eighteen months

---

[1]The Court issued the Case Management Order ("CMO") on March 22, 2013, following the parties' submission of a Joint Scheduling Plan. As modified by Orders issued December 4, 2013, May 8, 2014, June 13, 2014, and November 14, 2014, the CMO required "any motion to limit evidence of the value of medical treatment rendered to the plaintiff, pursuant to § 490.715.5, Mo. Rev. Stat., shall be filed by **January 14, 2015**." <u>See</u> Doc. 40, Part I.5 (emphasis in original).

ago, in his first motion for an extension of time of the deadlines in the CMO, Mr. Bauer stated that "he never received any electronic notifications in this case, and was unaware of the deadlines in the [CMO]." See Doc. 18. At that time, the Court indicated it was reluctant to alter the deadlines for this reason, but did not want to severely prejudice plaintiff for the actions of his attorney. The Court granted the motion, and extended the deadlines in the CMO. Mr. Bauer entered his appearance and specifically requested to be served through CM/ECF, stating "please include the undersigned [Joseph L. Bauer] as a recipient of e-filings and rulings." See Doc. 12. The Clerk of Court entered Mr. Bauer on the docket sheet and he began receiving filings through CM/ECF.

Defendant's motion to determine value of medical treatment includes an appropriate certificate of service stating that the document was served on all counsel of record through the Court's CM/ECF system. The receipt of service shows that a copy of the motion was electronically mailed to Mr. Bauer and two other individuals at his firm: "jjudd@bauer-baebler.com" and "mnoe@bauer-baebler.com." Mr. Bauer has participated fully in this case through CM/ECF as evidenced by the many documents he has filed through the system. In fact, he fully responded to the other two motions filed by defendant on the same day as the current motion. Even assuming Mr. Bauer did not receive notice that the motion had been filed, a cursory review of the docket sheet would show the pending motion, which Mr. Bauer would likely be expecting because the deadline for filing the motion had been set by the CMO.

Although the Court is not inclined to allow plaintiff to file his response six months late, the Court has reviewed the response, and finds that it does not alter the Court's substantive ruling on defendant's motion. Thus, the Court will grant plaintiff leave to file the response out of time, and will proceed to rule on defendant's motion to determine the value of plaintiff's medical treatment pursuant to § 490.715.5.

B. <u>Defendant's Motion to Determine the Value of Plaintiff's Medical Treatment</u>

Pursuant to Missouri Revised Statute § 490.715.5, defendant has filed a motion seeking to limit the value of the medical treatment rendered to plaintiff to the dollar amount necessary to satisfy his financial obligations to his health care providers. Section 490.715.5 states as follows:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
>
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
>
> (a) The medical bills incurred by a party;
>
> (b) The amount actually paid for medical treatment rendered to a party;
>
> (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.
>
> Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Mo. Rev. Stat. § 490.715.5.

The statue establishes a rebuttable presumption that the amounts actually paid to a medical provider represent the value of a plaintiff's medical treatment. See id.; see also Deck v. Teasley, 322 S.W.3d 536, 541 (Mo. 2010). The rebuttable presumption "places the burden of producing substantial evidence to rebut the presumed fact on the party against whom the presumption operates." Deck, 322 S.W.3d at 539. To decide whether the presumption is rebutted, the Court "need only determine that the evidence introduced in rebuttal is sufficient to support a finding contrary to the presumed fact." Id. (citing 2 Kenneth S. Broun et al, McCormick On Evidence § 344

(6th ed. 2006)). Here, the Court must determine if plaintiff has presented "substantial evidence" that the value of his medical treatment is an amount different from the dollar amount necessary to satisfy the financial obligation to his health care providers.

Plaintiff has not met his burden of presenting substantial evidence to rebut the presumption established by § 490.715.5. In fact, plaintiff's response to the motion presents no evidence to rebut the presumption. Instead, plaintiff states without any relevant case citation that defendant's motion is premature. Plaintiff states he can overcome the presumption at trial, and "has no obligation to do so prior to trial." (Pl.'s Resp. at 2). Plaintiff's argument ignores the Case Management Order.

The Court's standard Case Management Order requires parties to file any motion to determine the value of medical treatment shortly after the close of discovery and prior to (or simultaneously with) filing dispositive motions. The original CMO and each of the four amended CMOs issued in this case have included the deadline for filing such a motion. Plaintiff has known of this deadline for more than two years. His belated response states that defendant "puts the cart before the horse" by filing the motion on the date set out in the CMO, and states plaintiff will overcome the statutory presumption at trial. Plaintiff includes no relevant case law and does not explain his reasoning.

The statutory language indicates the determination should occur "outside the hearing of the jury," and case law indicates the determination is appropriate for a pretrial hearing. See Mo. Rev. Stat. § 490.715.5; Deck, 322 S.W.2d at 539. In Deck v. Teasley, for example, plaintiff presented three experts in the field of health care administration to testify at a pretrial hearing and rebut the statutory presumption. See id. at 539. In stark contrast to plaintiff in Deck, here plaintiff presents no evidence to rebut the presumption—no affidavits, no medical bills, no payment receipts. Plaintiff

relies instead on his unsubstantiated statement that he does not have to produce this evidence prior to trial.

If the presumption is not rebutted, "then the only evidence of the value of medical treatment rendered is the dollar amount necessary to satisfy the financial obligation to the health care providers." Id. at 541. Because plaintiff has failed to produce any evidence to rebut the presumption, the statutory presumption remains in effect and defendant's motion should be granted to the extent it seeks a determination that the presumption applies in this case.

In deciding this motion, the Court's role is limited to determining whether the presumption is rebutted by substantial evidence. The Court is not to weigh the evidence and make a final determination of the value of medical treatment. Id. ("The trial court further erred in the present case because the court did not limit its role to determining whether the presumption was rebutted by substantial evidence."); see also Montgomery v. Wilson, 331 S.W.3d 332, 339 (Mo. Ct. App. 2011). Instead, the Court is to submit the issue to the jury for adjudication. Thus, although defendant is entitled to the statutory presumption, to the extent defendant's motion seeks a ruling from the Court determining the exact dollar amount of the value of medical treatment rendered, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to respond out of time to defendant's motion to determine the value of medical treatment is **GRANTED**. [Doc. 66] The Clerk of Court shall detach and docket plaintiff's response, which was submitted as an attachment to its motion for leave.

**IT IS FURTHER ORDERED** that defendant Beelman Truck Company's motion to determine the value of medical treatment is **GRANTED in part** and **DENIED in part**. [Doc. 46] The motion is **GRANTED** to the extent it seeks a determination that the statutory presumption set forth in Missouri Revised Statute § 490.715.5 applies in this case, and **DENIED** to the extent it seeks a ruling from the Court determining the exact dollar amount of the value plaintiff's medical treatment.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   28th    day of July, 2015.